HAWAII PUBLIC EMPLOYMENT RELATIONS
BOARD, STATE OF HAWAII, Plaintiff-Appellee *v.*
HAWAII STATE TEACHERS ASSOCIATION,
et al., Defendants-Appellants

No. 5376

JUNE 28, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by the Hawaii State Teachers Association (appellant) from an order of the first circuit court granting a preliminary injunction against appellant upon a request by Hawaii Public Employment Relations Board (appellee) on October 20, 1972, and from the Findings of Fact and Conclusions of Law entered by said court on the same date.

## FACTS

On February 29, 1972, appellant entered into a collective bargaining agreement (contract) with the State Department of Education (DOE) which contained an arbitration procedure for the settling of grievances.

Subsequently, disputes regarding the manner of or lack of implementation of particular contract provisions arose. Various grievance and prohibited practice charges were filed by the appellant against the DOE and were still pending when appellant decided that its only defense to the alleged contract violations by the DOE was by collective action.

On October 5, 1972, the members of appellant's organization voted to authorize appellant's Board of Directors to call a strike after October 13, 1972, if no satisfactory plan regarding the implementation of the contract had been reached by appellant and the DOE. The appellant's Board of Directors met on October 14, 1972, and voted to strike on October 24, 1972. Upon petition of DOE, the appellee conducted a preliminary investigation on October 17, 1972 regarding the alleged violation of HRS chapter 89 by the appellant. The action,

now on appeal before this court, was filed in circuit court on October 18, 1972.

The appellee filed a complaint alleging in relevant part:

> The collective bargaining agreement between the DOE and the HSTA provides a grievance procedure, Article V, proscribing [sic] a procedure culminating in final and binding arbitration to settle alleged violations, misinterpretations or misapplications of a specific term or terms of the collective bargaining agreement.

At the hearing on an order to show cause, in the trial court, the appellant agreed to the correctness of the above allegation.

The basic complaint of appellant as reflected in the transcript of the proceedings in the trial court is the allegation that though DOE has, by a written agreement with appellant, agreed to provide for preparation period, duty free lunch period, relief from custodial duties and to maintain benefits for the members of appellant, DOE has failed to implement the terms of the collective bargaining agreement thereto. Because of appellant's frustration resulting from DOE's failure to implement and appellee's alleged failure expeditiously to resolve the prohibited practices charged in the complaints filed by appellant against DOE, appellant felt compelled to call a strike to stimulate a positive and expeditious resolution of appellant's complaints.

In the trial court the appellant tried to adduce evidence getting to the merits of the dispute between appellant and the DOE relative to DOE's failure to implement the terms of the collective bargaining agreement.

The trial court refused to allow appellant to adduce such evidence stating that the sole issue before the court is whether appellant has violated the provisions of HRS

§ 89-12(a)(2).

Appellant contends before this court that it is highly inequitable to deny appellant the right to adduce said evidence and for the court to deal solely with the question of whether appellant has violated HRS § 89-12 (a) (2).

Appellant further contends, in essence, that where the collective bargaining agreement provides for a grievance procedure culminating in final and binding arbitration, and there is an alleged violation thereof by the appellant, the only proper procedure before appellee and the trial court is on prohibited practice as provided in HRS § 89-13 and § 89-14. And that if chapter 89 is not so construed, then the law is an unfair, one-sided law weighing heavily in favor of the public employer.

On October 19, 1972, the circuit court held a hearing on appellee's request for preliminary injunction which culminated in the issuance of a preliminary injunction and Findings of Fact and Conclusions of Law. The circuit court found the following:

## FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

1. The Department of Education of the State of Hawaii (herein referred to as "DOE") and the Hawaii State Teachers Association (herein referred to as "HSTA"), as the exclusive representative of certain of the personnel of the DOE, entered into an agreement dated February 29, 1972, said agreement being Plaintiff's Exhibit 1 in evidence and being herein referred to as the "contract of February 29, 1972."

2. On October 16, 1972, the HSTA announced its declaration of a strike for the personnel of the DOE who are in the bargaining unit which the HSTA represents (such personnel being herein referred to·

as "teachers"), the strike being scheduled to commence on October 24, 1972. This announcement was based on a decision to strike made by the Board of Directors of the HSTA on October 14, 1972 (said decision to strike is herein referred to as the "strike declaration"). The strike declaration was made pursuant to action taken by teachers at meetings held by the HSTA on October 5, 1972.

3. The threatened strike, if engaged in, will result in substantial and irreparable harm to the school children who have a right to an education, to the public which has a right that such education be provided, and to the DOE which has an obligation to provide such education.

4. The strike declaration was the result of disputes between the HSTA and the DOE over the interpretation, application and implementation of certain provisions of the contract of February 29, 1972.

5. The Plaintiff, finding that the strike declaration and any strike engaged in pursuant thereto would be in violation of Section 89-12(a)(2) of the Hawaii Revised Statutes, filed for injunctive relief in this cause.

## CONCLUSIONS OF LAW

(a) This court has jurisdiction to issue an injunction in this case under Hawaii Revised Statutes Chapter 89.

(b) The strike declaration, and any strike engaged in pursuant thereto, is unlawful and prohibited under Chapter 89 of the Hawaii Revised Statutes, and in particular Section 89-12(a)(2) thereof.

(c) Injunctive relief by way of a preliminary injunction is appropriate and will be granted.

## BASIC QUESTION

The instant case poses a question of construction of the public employees' collective bargaining law of this State.

In order to resolve the divergent views of the appellant and appellee, we must first interpret the meaning of HRS § 89-12(e), especially the last sentence thereof:

> . . . Jurisdiction to hear and dispose of all actions under this section is conferred upon each circuit court, and each court may issue, in compliance with chapter 380, such orders and decrees, by way of injunction . . . , as may be appropriate to enforce this section.

The statute is clear and unambiguous in conferring jurisdiction to the circuit court to hear and dispose of a petition for injunctive order and to issue such an order. However, the question is how does the phrase "in compliance with chapter 380" modify such a clear grant of jurisdiction? We are of the opinion that the phrase "in compliance with chapter 380" can properly be construed only in conjunction with the latter phrase "as may be appropriate to enforce this section" and with HRS § 89-19 which provides:

> This chapter shall take precedence over all conflicting statutes concerning this subject matter and shall preempt all contrary local ordinances, executive orders, legislation, rules, or regulations adopted by the State, a county, or any department or agency thereof, including the departments of personnel services or the civil service commission.

Clearly, appellant's contention nullifies the clear grant of jurisdiction to the circuit court and considerably dilutes the efficacy of the statute.

Appellant further contends that at best the circuit court's power is a conditional one provided the follow-

ing provisions of HRS §§ 380-7 and 380-8 are adhered to, to-wit:

§ 380-7 *Hearing*. No court of the State shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect:

(1) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;

(2) That substantial and irreparable injury to complainant's property will follow;

(3) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(4) That complainant has no adequate remedy at law; and

(5) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

. . . .

§ 380-8 *Complainant; compliance with legal obli-*

*gation; effort to settle.* No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle the dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration.

If we were to assume the correctness of appellant's contentions, the vitality of the enforcement phase of the public employees collective bargaining law would be vitiated.

## A BRIEF HISTORY OF THE RIGHT OF PUBLIC EMPLOYEES TO ORGANIZE FOR THE PURPOSE OF COLLECTIVE BARGAINING

The amendment of the State Constitution by the Constitutional Convention of 1968 adopted by the electorate on November 5, 1968, granted to persons in public employment the right to organize for the purpose of collective bargaining, as prescribed by law. Article XII, Sec. 2.

Following the constitutional mandate the Fifth State Legislature in its regular session of 1970 enacted Act 171, An Act Relating to Collective Bargaining in Public Employment. Said act contains the statutory provisions in issue herein.

Until the enactment of Act 171, persons in public employment had no right to strike against the State. HRS § 86-2. In reference to the right to organize, the State Constitution prior to the above amendment provided in Article XII, Sec. 2, to-wit:

Persons in public employment shall have the right to organize and to present and make known their grievances and proposals to the State, or any political subdivision or any department or agency thereof.

## OPINION

### A. APPLICABILITY OF HRS § 380-4 (1)

The appellant contends that in light of the clause "in compliance with chapter 380", HRS § 380-4 (1) precluded the circuit court from invoking its jurisdiction pursuant to HRS § 89-12(e). HRS § 380-4 states:

> § 380-4 *Acts not subject to restraint.* No court of the State shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in the dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:
>
> (1) Ceasing or refusing to perform any work or to remain in any relation of employment;
>
> . . . .

Read literally HRS § 380-4 (1) abrogates the specific jurisdiction conferred by HRS § 89-12 (e). This construction cannot stand as it is obvious that only a general reference is made to "chapter 380". Furthermore. the phrase "in compliance with chapter 380" must be read in conjunction with the phrase "as may be appropriate to enforce this section". *See also* HRS § 89-19. We are of the opinion that HRS § 89-12 (e) specifically confers jurisdiction to the circuit court under the facts of this case. A literal interpretation of the clause "in compliance with chapter 380" would result in an absurdity. HRS § 1-15 (3); HRS § 89-19.

### B. APPLICABILITY OF HRS § 89-12(a)(2) vs. HRS § 89-13

The substance of appellant's claim is that the dispute involved in this case constitutes a violation of con-

tract and thus should be treated as a prohibited practice under HRS § 89-13(b)(5) (Supp. 1972) which reads as follows:

§ 89-13 *Prohibited practices; evidence of bad faith.* . . .

. . . .

(b) It shall be a prohibited practice for a public employee or for an employee organization or its designated agent wilfully to:

. . . .

(5) Violate the terms of a collective bargaining agreement.

Appellant argues that this violation of contract should have been submitted to the appellee for a hearing and determination as to the existence of a prohibited practice in accordance with HRS § 377-9 as provided by HRS § 89-14. In this posture, appellant would have been able to assert violation of the collective bargaining agreement by the DOE as a defense. Appellant then says that once appellee, after the hearing, issues an order with regard to prohibited practices, then appellee may proceed to circuit court to enforce its order as provided by HRS § 380-14.

Appellee claims that its request for injunctive relief is not based on violation of contract but upon violation of statute, HRS § 89-12(a)(2), which disallows strikes where the resolution of disputes is by referral to arbitration. The circuit court held, as appellee claimed, that since the collective bargaining agreement indisputably contained an arbitration procedure for the resolution of grievances, the appellant was prohibited from striking as provided in HRS § 89-12(a)(2). Consequently, pursuant to its powers granted under § 89-12 (e), appellee claims that the circuit court properly enforced the prohibited strike provisions of section 89-12(a)(2).

Where, as here, the legislature has clearly enumer-

ated certain specific prohibitions on the right of public employees to strike and where specific powers are vested in the circuit court to enforce said prohibitions, we must conclude that the circuit court had jurisdiction and that the proceedings were proper under HRS § 89-12(a)(2) and HRS § 89-12 (e). Appellant's contention that HRS § 89-12(a)(2) is concerned only with initial or renewed agreement, and not with grievances, is untenable.

We are of the opinion that the word "dispute", as used in HRS § 89-12(a)(2) includes disputes not only with regard to initial or renewed agreement but also with regard to grievances.

There is no definition of "grievance" in the statute. In Article V of the contract, grievance is defined as "Any claim by the Association or a teacher that there has been a violation, misinterpretation or misapplication of a specific term or terms of this Agreement."

HRS § 89-11 (a) provides that a collective bargaining agreement may include "a grievance procedure culminating in a final and binding decision, to be invoked in the event of any dispute concerning the interpretation or application of a written agreement." Article V of the contract is such a provision. That is conceded by appellant before this court, and was so conceded in the circuit court.

Under Article V of the contract, a resolution of a grievance, that is, a claim by the Association or a teacher that there has been misinterpretation or misapplication of a specific term or terms of the contract, is by referral to final and binding arbitration. That brings Article V squarely within the purview of § 89-12(a)(2).

Appellant's contention that such a holding would read HRS §§ 89-13 and 89-14 out of the statutes is untenable. The employer or the employee organization is free and privileged to use the remedies provided in HRS §§ 89-13 and 89-14. However, HRS § 89-12(a)(2) provides

for certain illegal strikes regardless of whether they are also violations of contract and HRS § 89-12 (e) specifically empowers the appellee to initiate the instant proceedings. Appellee is neither an employer nor an employee or employee organization.

Appellant next suggests that even if the procedures prescribed in HRS §§ 89-12(a)(2) and 89-12(e) were applicable in this case, the clause "in compliance with chapter 380" compels application of particular sections of 380 to the instant case. First, appellant claims the apparent proscription in HRS § 380-4 (1) abrogates any jurisdiction a court may have to enjoin strikes. We have already considered this jurisdictional question above. Second, in light of HRS § 380-8 appellant claims that appellee should have declared an impasse and invoked the mediation and fact-finding procedures under HRS § 89-11 (b) . This argument regards impasses and is not relevant to the dispute at hand. HRS § 89-11 and § 89-12 (b) .

## C. PRELIMINARY INJUNCTION

The appellant contends that neither the record nor the findings of fact indicated sufficient evidence to show irreparable harm to the public. To define irreparable harm, appellant relies on HRS § 89-12 (c) which states

§ 89-12 *Strikes, rights and prohibitions.* . . .

. . . .

(c) Where the strike occurring, or is about to occur, endangers the public health or safety, the public employer concerned may petition the board to make an investigation. If the board finds that there is imminent or present danger to the health and safety of the public, the board shall set requirements that must be complied with to avoid or remove any such imminent or present danger.

Appellant's position is premised on the assumption

that a showing of irreparable harm was necessary to render the preliminary injunction. This assumption is not correct. HRS § 89-12 (c) regards strikes in general and imposes another limitation upon the right to strike. We construe said section 89-12 (c) to mean that even if a strike is legal in all other respects, if the appellee finds that the strike poses an imminent or present danger to the health and safety of the public, that the appellee could take action to avoid such danger. HRS § 89-12 (c) does, in no way, require any finding of irreparable harm a precondition for relief for violation of HRS § 89-12(a) (2).

Next, the appellant contends that the circuit court failed to comply with the hearing requirements of HRS § 380-7 as apparently required by the general reference of § 89-12(e) to the provisions of chapter 380. We cannot agree as the obvious intent of HRS § 380-7 is to apply to employers and not the appellee. HRS § 380-7 regards a finding of irreparable harm to the complainant. In this case the complainant is the appellee (HPERB) and it would be ridiculous to compel appellee to show such harm to itself. It also follows that the required findings of fact specified by HRS § 380-7 are not necessary preconditions for relief under HRS § 89-12(a)(2).

Appellant next complains that the order of the circuit court granting the preliminary injunction in this case is too broad in scope and goes beyond the facts of this case. HRS § 380-9 states:

§ 380-9 *Necessity for prior findings of fact; limitation of prohibitions.* No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of a labor dispute, except on the basis of findings of fact made and filed by the court in the record of the case prior to the issuance of the restraining order or injunction; and every restraining order or injunction granted in a

case involving or growing out of a labor dispute shall include only a prohibition of such specific act or acts as may be expressly complained of in the bill of complaint or petition filed in the case and as shall be expressly included in the findings of fact made and filed by the court as provided in this chapter.

We are of the opinion that the above statute is applicable through section 89-12 (e) and that, however, the order granting preliminary injunction of the circuit court complies with the above section. The order states in relevant part:

(3) Subject to the provisions of paragraph (8), the HSTA shall not authorize or declare any further or other strike for the duration of the contract of February 29, 1972, except such strike as may be authorized and proceeded with in good faith in compliance with the provisions of Section 89-12 (b) of Chapter 89 of the Hawaii Revised Statutes, (including a strike which results from an impasse and is provided for in Article XXIII-B of said contract.) In particular, and without limiting the generality of the foregoing, the HSTA shall not authorize or declare any further or other strike pursuant to any action taken by teachers at meetings held by the HSTA on October 5, 1972. Violation of this paragraph (3) shall result in continuing violation if non-compliance is prolonged beyond one day.

. . . .

(8) This order shall be in effect until final judgment, inclusive of any appellate proceedings, is entered on the main complaint for a permanent injunction in this cause.

The above order clearly proscribes all strikes except those permitted under HRS § 89-12 (b) for the duration of the contract. Had the appellant possessed any right to strike other than the limited right to strike given to

public employees under HRS chapter 89, appellant's argument may have been well taken, consequently warranting a modification of the circuit court's order under HRS § 380-10. However, appellant has no such right.

While this court fully recognizes the fact that the threatened strike in this case was also a violation of contract, we are of the opinion that the specific grant of jurisdiction and powers of enforcement to the circuit courts to enforce HRS § 89-12(a)(2) enables the appellee to go directly to circuit court for injunctive relief.

We are of the opinion that the appellant was in direct violation of the provisions of HRS § 89-12(a)(2) and had no right to threaten to strike on a date certain or to strike on said date.

Affirmed.

*Thomas Gill* (*Gill & Pico* of counsel) for defendants-appellants.

*Sonia Faust* for plaintiff-appellee.

*E. John McConnell, Jr.* and *M. Gay Conklin,* Deputy Attorneys General (*George Pai,* Attorney General, with them on the brief), amicus curiae.